1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10    UNITED STATES OF AMERICA, et al.,            CASE NO. C18-1698JLR

11                                         ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL

12                  Plaintiffs,

       v.

13    SEA CONSTRUCTION, LLC et al.,

14                  Defendants.

15

16       This matter comes before the court on the parties' stipulated motion to continue

17 the trial date, along with 11 other pretrial deadlines. (*See* Mot. (Dkt. # 18) at 2-3.) The

18 parties state that "Defendants' primary counsel on this matter, Sarah Cox, recently

19 learned that she has a serious medical condition that requires surgery and will force her to

20 miss work for a significant portion of the remaining discovery schedule, including

21 specifically during the time when the parties would be conducting depositions and

22 otherwise finalizing discovery. (*Id.* at 1-2.) Accordingly, the parties propose an

amended case schedule that postpones most pretrial deadlines by roughly two months. (*See id.* at 2-3.) The parties contend that they meet Federal Civil of Civil Procedure Rule 16(b)(4)'s good cause standard based on Ms. Cox's health issues. (*See id.* at 3. (citing *Wake Forest Acquisitions, L.P. v. Vanderbilt Commercial Lending, Inc.*, No. 2:15-CV-02167 KJM DB, 2018 WL 1586362 (E.D. Cal. 2018)).)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jackson*, 186 F.R.D. at 608. Further, the court's scheduling order states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown." (Sched. Order (Dkt. # 16) at 2.)

//

The court is sympathetic to Ms. Cox's health condition. However, the court cannot conclude that the parties have met Rule 16(b)(4)'s good cause standard. First, Ms. Cox does not submit a declaration specifying when she learned she would be unable to work for several months.[1] Additionally, the court notes that James Howard appeared as defense counsel at the same time as Ms. Cox in February 2019. (*See* 1st Not. (Dkt. # 9); 2d Not. (Dkt. # 11).) The parties do not explain why Ms. Cox's absence "will render it impossible for the parties to comply with the current case schedule" while Mr. Howard remains active in this case. (*See* Mot. at 3.) Accordingly, the court DENIES the parties' stipulated motion (Dkt. # 18). As the parties may be aware, there are currently multiple judicial vacancies in the Western District of Washington, which render the court's calendar less flexible. Nevertheless, if the parties would like to move their trial date to the end of the court's trial calendar, they may so stipulate and notify the court. If the parties so stipulate, the court will issue a new case schedule for all remaining pretrial deadlines based on a new trial date at the end of the court's trial calendar. The parties should be aware that the court is presently setting trials in approximately March 2021.

Dated this 22nd day of November, 2019.

JAMES L. ROBART
United States District Judge

---

[1] Ms. Cox signed the stipulated motion but did not submit a corresponding declaration. (*See* Mot. at 4; *see generally* Dkt.) The court notes that the parties submitted their stipulation two days before the expert disclosure deadline and the deadline to amend pleadings. (*See* Mot. at 4; Sched. Order at 1.)